IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JEFF ALEXANDER SNOWDEN, #237 618   *

    Petitioner,   *

    v.   *   2:11-CV-379-WHA
                                        (WO)

WARDEN, GARY HETZEL, *et al.*,   *

    Respondents.   *

_____

**O R D E R**

Respondents filed an answer to the above-captioned petition on June 29, 2011. (*Doc. No. 15*.)   They argue therein that the instant petition is time-barred because, despite the pendency of a second post-conviction petition filed by Petitioner with the trial court on August 19, 2010, the applicable period of limitation expired prior to Petitioner filing this federal habeas application. They, therefore, maintain that the instant federal habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(A) and due to be dismissed.

Upon review of the pleadings and documents filed in this matter, the court deems it appropriate to hold the instant petition in abeyance pending completion of Petitioner's pending state  post-conviction proceedings.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005), quoting *Carey v. Saffold,* 536 U.S. 214, 226 (2002) ("*if the state court found the state post-conviction motion to be untimely*, the motion would not be considered properly filed for purposes of tolling under § 2244(d)(2), and 'that would be the end of the matter.'")

(emphasis added).

Accordingly it is

ORDERED that the instant habeas petition be held in ABEYANCE pending completion of Petitioner's pending Rule 32 proceedings. Respondents shall file notice with the court upon completion of said proceedings, and in no event, not more than ten (10) days after Petitioner's post-conviction proceedings become final in accordance with the state's procedural rules.

Done, this 5th day of July 2011.

        /s/ Wallace Capel, Jr.
       WALLACE CAPEL, JR.
       UNITED STATES MAGISTRATE JUDGE