IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFF ALEXANDER SNOWDEN,       )
#237618                       )
                              )
        Petitioner,           )
                              )
v.                            )    CIVIL ACTION NO.: 2:11-cv-00379-WHA
                              )                 [WO]
WARDEN GARY HETZEL, *et al*., )
                              )
        Respondents.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus filed

by Petitioner Jeff Alexander Snowden on May 11, 2011, an inmate of the Alabama

Department of Corrections.[1]  Petitioner is serving multiple, concurrent life sentences as a

habitual offender based on convictions in the Circuit Court for Covington County, Alabama.

The undersigned Magistrate Judge recommends denying the petition and dismissing it with

prejudice.

**I.  PROCEDURAL HISTORY**

The charges against Petitioner arose out of an investigation on June 26, 2002, when

law enforcement officers were dispatched to Petitioner's home after a report that someone

---

[1]Although the present petition was stamped "filed" in this court on May 16, 2011, the petition was signed by Petitioner on May 11, 2011.  Pursuant to the prison "mailbox rule," the court considers May 11, 2011, as the date of filing.  *Doc. No. 28* at 1; *see Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("Absent evidence to the contrary in the form of prison logs or other records, [this court] will assume that [the prisoner's petition] was delivered to prison authorities the day he signed it . . . .").

may have died there.  *Doc. No. 15-12*, at 3-4 (decision of the Alabama Court of Criminal Appeals).   Outside, an officer noticed an odor associated with the production of methamphetamine.    Inside, officers found a body and items consistent with a methamphetamine lab.  They obtained a warrant to search the home, and after searching it, they obtained a warrant for Petitioner's arrest based on the evidence seized regarding drug crimes.  *Id.* at 4-5.  On July 10, 2002, officers arrested Petitioner on the warrant at a different residence.    *Id.* at 6.   During that arrest, officers saw more items associated with a methamphetamine lab in plain view.  They obtained a search warrant for the home and seized, among other things, a black bag containing many items used in the manufacture of methamphetamine.  The black bag also contained a copy of the search warrant and inventory from the search of Petitioner's home on June 26, 2002.  *Id.* at 6-7.  Petitioner later gave incriminating statements to officers regarding Petitioner's role in trafficking and manufacturing methamphetamine.  *Id.* at 7-9.

In 2004, Petitioner was tried and convicted on two counts of trafficking in methamphetamine, two counts of manufacturing a controlled substance in the first-degree, and two counts of possession of drug paraphernalia.  *Doc. No. 15-6* at 27-28; *Doc. No. 15-7* at 7-8. The trial court initially sentenced Petitioner as a habitual offender to life in prison on the trafficking counts and concurrent terms of one year in jail on the paraphernalia counts, as well as fines.  *Doc. No. 15-7* at 8.  It did not enter judgment and sentence on the manufacturing counts because it believed manufacture of a controlled substance was a lesser

included offense of trafficking.  *Doc. No. 15-12* at 29.  Petitioner appealed.  The Alabama

Court of Criminal Appeals rejected Petitioner's arguments that his statements to officers

were admitted in violation of *Miranda v. Arizona*[2] and were coerced, and it rejected his

argument that trial counsel provided ineffective assistance by misinterpreting the court's

ruling regarding the admissibility of some of Petitioner's statements.  *Doc. No. 15-12* at 22,

27.  On Petitioner's double jeopardy argument, the Court of Criminal Appeals ruled that

manufacturing a controlled substance is not a lesser-included crime of trafficking, and it

remanded for sentencing on the manufacturing counts.  *Id.* at 34.  On remand, the trial court

sentenced Petitioner to life in prison on the manufacturing counts.  *Doc. No. 15-14* at 3-4.

The Court of Criminal Appeals then affirmed the judgment of the trial court.  *Doc. No. 15-15*

at 2.  The judgment on direct appeal was entered on May 11, 2007, and a certificate of

judgment was entered on May 30, 2007.  *Doc. No. 15-16.*  Petitioner sought an extension of

time to file an application for  rehearing, which the Court of Criminal Appeals denied on

June 1, 2007.  *Doc. No. 15-17.*

Petitioner then filed a Rule 32 petition for post-conviction relief on December 4,

2007.[3]  *Doc. No. 15-18* at 16.  After the trial court denied relief, Petitioner appealed.  *Doc.*

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[3]The Court of Criminal Appeals treated December 11, 2007, as the filing date for the Rule 32 petition.  *Doc. No. 15-22* at 2.  Petitioner did not state in his Rule 32 petition the date he submitted it for mailing.  Nevertheless, Respondent, the trial court, and this court treat the date Petitioner signed the Rule 32 petition as the date it was filed.  *Doc. No. 15* at 6; *Doc No. 15-18* at 7, 16; *see Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002) ("Alabama courts have held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing.) (citations omitted); *see also Holland v. State*, 621 So.

*No. 15-18* at 81-104, 120.  The Court of Criminal Appeals affirmed the denial of relief.  *Doc.*

*No. 15-22.*  It declined to consider Petitioner's request to reconsider his sentence because

such claims are not cognizable in a Rule 32 petition.  It ruled that Petitioner did not establish

ineffective assistance of counsel in two regards, and it adopted the trial court's findings on

numerous other issues.  In particular, the Court of Criminal Appeals ruled that Petitioner

failed to demonstrate he was entitled to relief based on the following claims:

1. Counsel's failure to file a petition for certiorari with the Alabama Supreme Court regarding the coerced confession claim;
2. Counsel's failure to apply for rehearing with the Court of Criminal Appeals;
3. Counsel's decision to raise only two of eighteen claims on appeal;
4. Counsel's failure to preserve a claim of improper consolidation of charges;
5. Improper notice of the consolidation under Alabama rules;
6. Conviction of both trafficking and manufacturing drugs in violation of the Double Jeopardy Clause;
7. Insufficiency of the evidence regarding first-degree manufacture of drugs conviction;
8. The State's failure to establish an unbroken chain of custody of a firearm;
9. Counsel's failure to challenge the chain of custody of the firearm;
10. Counsel's failure to present a defense;
11. The State's failure to establish an adequate chain of custody and counsel's failure to object to it;
12. Counsel's failure to object to venue; and
13. Counsel's failure to object to scientific evidence on the grounds that the testing laboratory was uncertified and the tests did not comport with *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

*Doc. No. 15-22* at 2-13 & n.1.  Petitioner sought rehearing of his claims, which the Court of

---

2d 373, 374 (Ala. Crim. App. 1993) (following *Houston*, 487 U.S. at 270-72).

Criminal Appeals overruled. *Doc. Nos. 15-23, 15-24.* On August 6, 2010, the Alabama Supreme Court denied Petitioner's petition for writ of certiorari and issued a certificate of judgment. *Doc. Nos. 15-25, 15-26.*

Petitioner filed a second Rule 32 petition on August 19, 2010. *Doc. No. 15-27* at 18-19. He claimed the state court was without jurisdiction to render judgment or impose sentence against him because he was unrepresented by counsel at his arraignment. After an evidentiary hearing, the trial court denied relief on the merits, finding that Petitioner did in fact have counsel at his arraignment. *Doc. No. 17-1* at 51-52. Petitioner appealed, the Court of Criminal Appeals affirmed, and it later denied Petitioner's request for rehearing. *Doc. Nos. 17-4, 17-6.* On June 15, 2012, the Alabama Supreme Court denied Petitioner's petition for writ of certiorari and issued a certificate of judgment. *Doc. No. 17-8.*

In the meantime, Petitioner filed the instant section 2254 petition on May 11, 2011, and the court permitted him to amend it on June 21, 2011. *Doc. Nos. 3, 12, 13.* He raises the following claims for habeas relief:[4]

---

[4]Petitioner's Response to Respondents' Answer and Supplemental Answer discusses the claim he raised in his second Rule 32 petition, that is, whether he had counsel at his arraignment, and he argues his Sixth and Fourteenth Amendment rights were violated at his arraignment. *Doc. No. 26* at 17-22. Petitioner, however, never sought to amend his section 2254 petition to add this claim. Because Plaintiff is proceeding pro se, the court construes his pleadings to less stringent standards than those drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Nevertheless, a pro se litigant still "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989); *see also* Rule 12, Rules Governing Section 2254 Cases in the U.S. Dist. Courts (Fed. R. Civ. P. may apply to § 2254 actions the extent they are not inconsistent with statutes or § 2254 rules). To the extent Petitioner seeks to add a claim regarding his arraignment, he failed to comply with Rule 15 regarding amended pleadings. *See* Fed. R. Civ. P. 15. Therefore, the court will not consider the claim. Moreover, the ruling of the Alabama courts that he did have counsel at the arraignment is not an unreasonable determination of the facts in light of the evidence presented, and the decision denying him Rule 32 relief on the issue was not contrary to, or an unreasonable determination of, clearly established

1.    Conviction obtained by coerced confession and in violation of *Miranda*;

2.    Conviction obtained in violation of the Double Jeopardy Clause;

3.    Ineffective assistance of counsel because:

    a.    Counsel raised only two of eighteen claims on direct appeal;

    b.    Counsel failed to object to the admission of scientific evidence on two grounds; namely the laboratory that tested the evidence was not certified, and the evidence failed to satisfy standards of admissibility for scientific evidence;[5]

    c.    Counsel failed to argue insufficiency of the evidence on the element that he possessed a shotgun during a clandestine lab, and there is insufficient evidence that any two of the seven enumerated conditions of Alabama Code § 13A-12-218 existed, including insufficient evidence of firearms;[6]

    d.    Counsel failed to object to trial counsel's failure to challenge the improper chain of custody; and

    e.    Counsel failed to object to venue and preserve the issue for appellate review; and

4.    The State never moved to consolidate the offenses before trial with proper notice to Petitioner.

*Doc. Nos. 3, 12.*

Pursuant to the orders of this court, Respondents answered the petition, arguing it is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1); *Doc. Nos. 6, 13, 15.* The court then held the petition in abeyance pending the resolution of Petitioner's second Rule 32 petition, and it ordered Respondents

---

federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1) & (2).

[5]Petitioner raised substantially the same claim in two different grounds for relief in his petition, *see Doc. No. 3* at 9-10 (paragraphs numbered (2) and (7)). The court considers them together for purposes of this section 2254 action.

[6]Petitioner raised substantially the same claim in two different grounds for relief, *see Doc. No. 3* at 9 (paragraphs numbered (3) and (4)). The court considers them together for purposes of this section 2254 action.

to file a supplemental answer to the petition. *Doc. Nos. 16, 20.* Respondents did, arguing the petition is late, procedurally defaulted, does not present a federal question, or is without merit. *Doc. No. 23.*

The court provided Petitioner an opportunity to respond to the arguments that his claims for relief are procedurally defaulted, without merit, or do not state federal grounds for relief. It cautioned Petitioner that in responding to the arguments, he needed to state specific, legally sufficient reasons why he failed to comply with the state's procedural rules or did not properly present or pursue his claims in state court. The court further advised Petitioner that if he intended for this court to address the procedurally defaulted claims under the fundamental miscarriage of justice exception, he needed to show specific reasons for application of the exception. *Doc. No. 28.* On October 5, 2012, the court treated Petitioner's August 29, 2010, filing as a response to the court's order. *Doc. No. 30.*

## II. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) created a one-year statute of limitations for federal habeas petitions filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). For purposes relevant here, the one-year limitation period began to run on the date when the time for seeking direct review of Petitioner's challenged judgment expired. *See* 28 U.S.C. § 2244(d)(1)(A). The time for seeking direct review in Petitioner's case expired on May 30, 2007, when the Court of Criminal Appeals issued a certificate of

judgment on Petitioner's direct appeal.[7]  *See* Rule 41, *Alabama Rules of Appellate Procedure* (certificate of judgment shall issue 18 days after the entry of judgment, unless the time is shortened by order, or by filing petition for rehearing or certiorari).  Absent statutory or equitable tolling, the federal limitation period expired on May 30, 2008.

   "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  28 U.S.C. § 2244(d)(2).  Rule 32 of the Alabama Rules of Criminal Procedure provides a post-conviction remedy under certain circumstances for a defendant convicted of a criminal offense.  *See generally*, Rule 32, *Alabama Rules of Criminal Procedure.*  The parties do not disagree that Petitioner's first Rule 32 petition, filed on December 4, 2007, was a properly filed post-conviction action that tolled section 2244(d).  Thus, the one-year limitation period in section 2244(d)(1)(A) ran from May 30, 2007, until December 4, 2007, for a total of 188 days of the 365-day period.[8] The limitations period was tolled until August 6, 2010, when the Alabama Supreme Court issued a certificate of judgment on Petitioner's first Rule 32 petition.  At that point, Petitioner

---

[7]To file a petition for certiorari before the Alabama Supreme Court in a criminal case, an appellant must first apply for rehearing before the Alabama Court of Criminal Appeals. *See* Rule 40(d)(1), *Alabama Rules of Appellate Procedure*. Petitioner did not apply for rehearing, and his request for an extension of time to apply for a rehearing was denied. *Doc. No. 15-17.* Thus, Petitioner lost his ability to petition the Alabama Supreme Court. In doing so, he also lost his opportunity to petition the United States Supreme Court, which provides for review of a judgment or order entered by a state court of last resort, in this case, the Alabama Supreme Court. *See* Rule 13.1, *Rules of the United States Supreme Court.*

[8]In computing the federal period of limitation, the court "exclude[s] the day of the event that triggers the period . . . ." Fed. R. Civ. P. 6(a)(1)(A).

had 177 (365-188) days remaining to file a timely section 2254 petition.  The question is this

case is whether Petitioner's second Rule 32 petition, filed 13 days later on August 19, 2010,

tolls section 2244(d).  The court concludes that it does.

Petitioner filed his second Rule 32 petition pursuant to Rule 32.1(b), on the ground

that "[t]he court was without jurisdiction to render judgment or to impose sentence."  *Doc.*

*No. 15-27* at 7; *see also* Rule 32.1(b), *Alabama Rules of Criminal Procedure*.  He argued that

the court was without jurisdiction because he was unrepresented at his arraignment, and the

procedural bars in Rule 32.2 did not apply to him.  *Doc. No. 15-27* at 15-17.  Although the

state did not argue it at the time of the Rule 32 proceedings, Respondents now argue that

Petitioner's second Rule 32 petition was not "properly filed" for purposes of section

2244(d)(2) because it was filed beyond the one-year time limit set out in Rule 32.2(c) of the

Alabama Rules of Criminal Procedure.  That rule provides, in relevant part:[9]

[T]he court shall not entertain any petition for relief from a conviction or

---

[9]The full text of Rule 32.2(c) provides: "Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in *Rule 32.1(a) and (f),* unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, *within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals* under Rule 41, Ala. R. App. P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses; provided, however, that the time for filing a petition under Rule 32.1(f) to seek an out-of-time appeal from the dismissal or denial of a petition previously filed under any provision of Rule 32.1 shall be six (6) months from the date the petitioner discovers the dismissal or denial, irrespective of the one-year deadlines specified in the preceding subparts (1) and (2) of this sentence; and provided further that the immediately preceding proviso shall not extend either of those one-year deadlines as they may apply to the previously filed petition. The court shall not entertain a petition based on the grounds specified in Rule 32.1(e) unless the petition is filed within the applicable one-year period specified in the first sentence of this section, or within six (6) months after the discovery of the newly discovered material facts, whichever is later; provided, however, that the one-year period during which a petition may be brought shall in no case be deemed to have begun to run before the effective date of the precursor of this rule, i.e., April 1, 1987." (emphasis added).

> sentence on the grounds specified in *Rule 32.1(a) and (f)*, unless the petition
> is filed . . . within *one (1) year after the issuance of the certificate of judgment*
> by the Court of Criminal Appeals under Rule 41, Ala. R. App. P.

Rule 32.2(c), *Alabama Rules of Criminal Procedure* (emphasis added).

The United States Supreme Court has explained "that time limits, no matter their form, are 'filing' conditions" for purposes of section 2244(d)(2), and if a "state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4 (2000) ], which go to the ability to obtain relief.") (footnote omitted); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1317 (11th Cir. 2006) (untimely collateral motion deemed "not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.").

Respondents maintain that Petitioner's second Rule 32 petition was filed beyond the one-year time limit set out in Rule 32.2(c). Rule 32.2(c) imposes a time limit on grounds for relief raised under Rule 32.1(a) and (f), but Petitioner did not file his post-conviction action pursuant to Rule 32.1(a) or (f). Instead, he filed his action pursuant to Rule 32.1(b), and the time limit in Rule 32.2(c) does not mention Rule 32.1(b).[10]   In ruling on the merits of

---

[10]The procedural bars in Rule 32.2(a) also do not apply to claims arising under Rule 32.1(b). "A petitioner will not be given relief under this rule based upon any ground . . . Which could have been but was

Petitioner's appeal, the Alabama Court of Criminal Appeals recognized that a claimed lack of counsel at arraignment raises a jurisdictional error.  It held:

> Snowden is correct in asserting that "[t]he right of a defendant to have counsel present at arraignment is a jurisdictional prerequisite to a conviction." *Weakley v. State*, 721 So.2d 235, 236 (Ala. 1998).  However, Snowden's claim that he was not represented by counsel at his arraignment is belied by the record.

*Doc. No. 17-4* at 3.  The court implicitly recognized that a jurisdictional error, such as that raised in Rule 32.1(b), is not barred by Rule 32.2(c).  The state courts never treated Petitioner's second Rule 32 petition as untimely.  And under the applicable time limits in Rule 32.2, it was timely.  Consequently, the second Rule 32 petition was "properly filed" under section 2244(d)(2), and it tolled the limitations period in section 2244(d)(1).  The second Rule 32 petition was still pending when Petitioner filed his section 2254 petition on May 11, 2011, when Petitioner still had 165 (178-13) days remaining to file his federal petition.  Thus, the federal petition was filed well before the one-year deadline expired.

## B.  Procedural Default

Respondents assert that all of Petitioner's claims for habeas relief are procedurally barred from federal review because Petitioner failed to present the claims to the state courts in accordance with the State's procedural rules.  The procedural default doctrine is closely related to the exhaustion requirement in section 2254 cases.  Under exhaustion principles,

---

not raised at trial, *unless the ground for relief arises under Rule 32.1(b)*; or . . .Which could have been but was not raised on appeal, *unless the ground for relief arises under Rule 32.1(b)*."  Rule 32.2(a), *Alabama Rules of Criminal Procedure* (emphasis added).

"state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel*'s reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."), *cert. denied*, 534 U.S. 1136 (2002). The procedural default doctrine also ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Thus, claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a

12

procedural default for purposes of federal habeas.") (citations omitted); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

Petitioner raised claims regarding his confession and the Double Jeopardy Clause on direct appeal, but he procedurally defaulted them due to his failure to present them on direct appeal through a petition for writ of certiorari to the Alabama Supreme Court, the highest state court with jurisdiction to review them. *See Doc. Nos. 15-12, 15-15, 15-16, 15-17.* In the Rule 32 proceedings, the Alabama Court of Criminal Appeals did not address Petitioner's confession as an independent claim but rather addressed it as part of his claim that counsel performed ineffectively by not seeking a rehearing or petition for certiorari. *Doc. No. 15-22* at 2-4. The court recognized the procedural default of the double jeopardy claim when it ruled that Petitioner could not raise his double jeopardy argument because it was decided against him on direct appeal and therefore was precluded. *Id.* at 7.[11]

Petitioner raised his other claims in his first Rule 32 petition, though Respondents maintain that, in his petition for a writ of certiorari to the Alabama Supreme Court on the Rule 32 proceeding, Petitioner argued only that the Court of Criminal Appeals erroneously held that he did not sufficiently plead his claims. *Doc. No. 23* at 10. Although the petition

---

[11]The court also ruled that Petitioner was precluded from raising his claim regarding a breakdown in the chain of custody because he presented and lost the issue at trial. *Doc. No. 15-22* at 8. In this § 2254 action, Petitioner raises the issue under the umbrella of ineffective assistance of counsel, and the state court also rejected that claim on the merits. *Doc. No. 15-22* at 3, 9-10; *Doc. No. 3* at 10.

for writ of certiorari is not a model of clarity, this court determines that it is sufficient to preserve at least the same arguments Petitioner raised before the Court of Criminal Appeals.[12] Thus, the court treats as procedurally defaulted only Petitioner's claims that his conviction was obtained by an unlawful confession and in violation of the Double Jeopardy Clause.

## C. Exceptions to Procedurally Defaulted Claims

This court may reach the merits of Petitioner's procedurally defaulted confession and double jeopardy claims "only in two narrow circumstances.  First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.  *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. . . . Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S. at 495-96. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Id*." *Henderson*, 353 F.3d at 892.

---

[12]Petitioner reiterated all the claims he raised before the Court of Criminal Appeals, and he summarized his argument as follows: "The trial court abuse[d] its discretion when denying Snowden's Rule 32 petition, that all the claims as well as the claims of ineffective assistance of counsel were specific and sufficiently pleaded in his Rule 32 as well as on appellate review; to the extent of being able to avoid summary disposition and that both trial and appellate courts erroneously found Snowden's convictions for trafficking in methamphetamine not being a lesser included offense of first degree unlawful manufacturing of a controlled substance.  Thus subjecting Snowden to the Double Jeopardy Clause in violation of the 5th amendment of the U.S. Constitution." *Doc. No. 15-25* at 10-14, 18-19.

### 1. Cause and Prejudice

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, 353 F.3d at 892. The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise his defaulted claims in the state courts properly and prejudice resulting from this failure. *Doc. No. 28.* Petitioner argues that counsel's failure to present the issues constituted ineffective assistance of counsel. *Doc. No. 26* at 5, 7.

Ineffective assistance of counsel may constitute cause for a procedural default, but the ineffective assistance claim itself must be independently raised and properly exhausted in the state courts. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). To demonstrate a claim of ineffective assistance, Petitioner must show that counsel performed "below an objective standard of reasonableness," and that Petitioner was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. To establish prejudice, Petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams*, 529 U.S. at 393 n.17. There is a strong presumption

15

that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The test used to evaluate claims of ineffective assistance of trial counsel applies equally to an analysis of claims of ineffective assistance of appellate counsel. *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991). Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

Petitioner argued in the Rule 32 proceeding that his counsel provided ineffective assistance on direct appeal by not raising the double jeopardy or confession claims in a request for rehearing or petition for certiorari. The Court of Criminal Appeals rejected Petitioner's ineffective assistance claim, holding that rehearing and certiorari are both discretionary reviews in Alabama, thus he had no constitutional right to have counsel to file a petition for rehearing or certiorari. Consequently, Petitioner could not have suffered a violation of his right to counsel in either regard. *Doc. No. 15-22* at 4; *see also Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) ("Since respondent had no constitutional

16

right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [for writ of certiorari before state supreme court] timely.") (footnote omitted); *Ross v. Moffit*,  417 U.S. 600, 615 (1974) (no constitutional right to counsel for discretionary appeals on direct review in state court).  As a result, in this federal habeas petition, Petitioner fails to establish cause based on ineffective assistance of counsel.  Based on the pleadings, documents, and records filed in this case, the court finds that Petitioner has not established the existence of any "objective factor external to the defense that prevented [him] from raising the claim[s] and which cannot be fairly attributable to his own conduct."  *Murray*, 477 U.S. at 488.  Petitioner has, therefore, failed to demonstrate cause for his failure to present his claims regarding the confession and the Double Jeopardy Clause to the state courts in compliance with applicable procedural rules.  Furthermore, Petitioner has not shown the existence of actual prejudice emanating from infringement of federal law.   This court may, however, reach Petitioner's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### 2.  Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Although an actual innocence claim "can itself be defaulted is not to say that the procedural default may not ***itself*** be excused if the petitioner can satisfy the cause-and-prejudice standard [or fundamental miscarriage of justice exception] with respect to that claim."  *Edwards*, 529 U.S. at 453 (emphasis in original).   Innocence is not an

17

independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Schlup*, 513 U.S. at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citations omitted). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." *Id*. at 537.

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28); *House*, 547 U.S. at 538. In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Bousley*, 523 U.S. at 623-24*; Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001); *see also Schlup*, 513 U.S. at 324. *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Petitioner does not assert that he has "new" reliable evidence of factual innocence, and

there is nothing in the record that suggests a miscarriage of justice will occur if the court does not reach the merits of his defaulted claims.  Petitioner simply presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claims regarding his confession and the Double Jeopardy Clause are, therefore, foreclosed from federal habeas review.

### D. Claims for Relief

The remaining, undefaulted claims are that counsel provided ineffective assistance in various ways and that the charges against him were improperly consolidated.  This federal court may consider a petition "for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Consequently, this court has authority to grant habeas relief for errors of federal constitutional law only, not state law.  *Id.*; *see also Ferguson v. Sec'y, Dep't Corr.*, 580 F.3d 1183, 1211-12 (11th Cir. 2009) (claim involving solely state law issues could not serve as the basis for a federal habeas claim).

For claims properly before a federal court, a writ of habeas corpus shall be granted only if the prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Congress, through passage of AEDPA in 1996, "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The Supreme Court has held that a state court decision is "contrary to" federal law "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Id.* at 694 (citing *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000)). Under the "unreasonable application" standard, this court may grant a writ only if the state court identified the correct governing federal legal principle but applied that principle to the facts of a petitioner's case in an objectively unreasonable way. *See Williams*, 529 U.S. at 411-13 (2000) (O'Connor, J., delivering the opinion of the Court with respect to Part II). "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See id.* at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The Court of Appeals for the Eleventh Circuit has held, "Clearly established federal law is *not* the law of the lower federal courts, including this Court. Instead, in the habeas context, clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.'" *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (emphasis in original) (quoting *Williams*, 529 U.S. at 412). The reviewing court

20

"must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). "In order to merit AEDPA deference the state court need not expressly identify Supreme Court precedent, nor make a perfect statement of the applicable rule of law, nor provide a detailed opinion covering each aspect of the petitioner's argument." *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1333 (11th Cir. 2009). All that is required under § 2254(d)(1) [for deference to the decision of the state court] is an adjudication on the merits, not a full state court opinion." *Parker v. Sec'y, Dep't of Corr.*, 331 F.3d 764, 776 (11th Cir. 2003). Habeas relief is granted sparingly, reserved for "'extreme malfunctions in the state criminal justice systems'" and "not as a means of error correction." *Greene v. Fisher*, 132 S. Ct. 38, 43 (2011) (quoting *Harrington*, 131 S. Ct. at 786, and further quotation marks omitted). "The usual 'presumption that state courts know and follow the law' is even stronger in the AEDPA context because § 2254(d)'s 'highly deferential standard for evaluating state-court rulings . . . demands that state-court decisions be given the benefit of the doubt.'" *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 748 (11th Cir. 2010) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted)). As the Supreme Court has reminded courts, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. . . . [Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with

21

this Court's precedents.  It goes no farther." *Harrington*, 131 S. Ct. at 786.

Federal habeas courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  Even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).  The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d). . . ." *Id.* at 636.  Within this disciplined framework, the court addresses Petitioner's claims.

### 1. Consolidation

Petitioner argues "the State never moved to consolidate the offenses before trial without first giving him notice and an opportunity to object, thus violating" his due process rights under the federal Fourteenth Amendment and Alabama Rule 13.3(c).  *Doc. No. 12* at 1.  Federal habeas relief is unavailable for violations of Alabama Rule 13.3(c), thus Petitioner cannot obtain relief on his claim that Rule 13.3(c) was violated.  *See* 28 U.S.C. § 2254(d)(1).  To the extent Petitioner raises the claim as he did in state court, in terms of ineffective assistance of counsel, he also is entitled to no relief on it.

The Alabama Court of Criminal Appeals rejected Petitioner's consolidation claim.

22

It adopted the trial court's finding that no charges were ever consolidated against Petitioner, and "'all the charges against the defendant were contained in a single indictment as returned by the grand jury. Thus, there is no question that the Court did not order consolidation of separate indictments, as the defendant seems to think.'" *Doc. No. 15-22* at 6 (adopting trial court's findings). In addition, the court held it was proper to put all the charges in one indictment and try them together, and a request to sever the charges would have been denied. *Id.* at 7. Consequently, it held Petitioner's counsel did not provide ineffective assistance by failing to push for severance of the counts. *Id.*

Petitioner provides no basis for rebutting the state court's factual determination that the charges were brought in one indictment and never consolidated, and the state court records demonstrate that the charges were brought in one indictment. *Doc. No. 15-3* at 108-12. Petitioner argues that the charges should have been separate because the incidents took place about two weeks apart and in two different locations, but he does not demonstrate how his federal rights were violated or, specifically, how he was prejudiced by counsel's failure to seek severance of the charges, which were clearly related. *See Strickland*, 466 U.S. at 688, 694. Petitioner fails to meet his burden of demonstrating that the state court's ruling was contrary to, or involved an unreasonable application of, any clearly established federal law, as determined by the United States Supreme Court, and he is not entitled to relief on the claim. 28 U.S.C. § 2254(d)(1).

## 2. Ineffective Assistance--Two of Eighteen Issues

Petitioner argues his attorney provided constitutionally ineffective assistance by

raising only two of the eighteen issues that were raised in his motion for new trial.  Petitioner actually raised seventeen different grounds in his motion for judgment of acquittal or new trial.  *Doc. No. 15-3* at 45; *Doc. No. 15-7* at 15-16.  He did not elaborate in writing on the basis for each the claims, and the trial court denied the motion.  *Doc. No. 15-7* at 10.  In the Rule 32 proceeding, the Court of Criminal Appeals held that counsel is not obliged to raise meritless issues, the issues counsel failed to raise were without merit, and Petitioner was not prejudiced by counsel's failure to raise any of the additional issues.  *Doc. No. 15-22* at 5-6.

The state court's ruling was on the merits and is entitled to deference.  In this section 2254 action, Petitioner does not explain the nature of any of the eighteen claims or how counsel's performance regarding each one prejudiced him.  Consequently, this court cannot conclude that the Alabama court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, and he is not entitled to relief on the claim.  *See Strickland*, 466 U.S. at 688, 694; 28 U.S.C. § 2254(d)(1).

### 3.  Ineffective Assistance--Scientific Evidence

Petitioner argues his attorneys provided constitutionally ineffective assistance by not challenging the admission of scientific evidence in two respects.  First, he argues the laboratory which tested the evidence was not certified to operate.  Second, he argues the prosecution did not establish the predicates for admissibility of scientific evidence under *Frye* and *Daubert*.  Neither claim warrants relief.

24

### a. Laboratory Certification

The Court of Criminal Appeals adopted the trial court's findings, holding that the representatives of the laboratory were well qualified and entitled to test the evidence. *Doc. No. 15-22* at 10. It likewise adopted the finding that the Alabama Department of Forensic Sciences had provided evidence to the trial court many times, that it "'meets minimum standards, of the nature required to allow it to review the kind of evidence that it did [in Petitioner's case].'" *Id.* at 11. It also adopted the finding that Petitioner did not allege a specific defect regarding the laboratory, he did not claim the substance found was not methamphetamine, and nothing in the record suggested error by the lab. *Id.* The court further ruled that "'counsel could not have been ineffective for failing to attack the work of the laboratory more vigorously, and the defendant suffered no prejudice in that regard, in any event.'" *Id.*

The court's ruling was on the merits and is entitled to deference. Petitioner's challenge to it relies on his conclusory statement that 900 cases from the laboratory had been dismissed in federal court because the laboratory did not meet federal specifications, and on a statement at trial by Vaughn Barron, a forensic scientist, who testified the laboratory was not national certified at the time the laboratory examined the substances in Petitioner's case. *Doc. No. 15-2* at 151, 162-63; *Doc. No. 26* at 11-12. The laboratory was state certified, however, and the procedures used for Petitioner's case were no different than those used when the lab was nationally certified. *Doc. No. 15-2* at 163-64. Petitioner fails to demonstrate that the laboratory was not certified to operate, thus counsel did not perform

below professional standards in failing to challenge it.  In addition, Petitioner fails to make any showing that he suffered prejudice as a result of counsel's failure to challenge the laboratory certification.  The Alabama decision was not contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, and Petitioner is not entitled to relief on the claim.  *See Strickland*, 466 U.S. at 688, 694; 28 U.S.C. § 2254(d)(1).

### b. *Frye* and *Daubert*

Petitioner argues counsel did not object to scientific evidence that failed to meet the requirements in *Frye* and *Daubert*, which set out guidelines for admitting scientific evidence. *See Frye*, 293 U.S. at 1014 (setting forth the "general acceptance" test for admissibility of expert scientific testimony); *see also Daubert*, 509 U.S. at 593-94 (following Fed. R. Evid. 702 and identifying four factors courts should consider when assessing the reliability of an expert's testimony); *United Fire & Cas. Co. v. Whirlpool Corp.*, 704 F.3d 1338, 1341 (11th Cir. 2013) (factors include "(1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the theory or technique used by the expert has been subjected to peer review and publication; (3) whether there is a known or potential error rate of the methodology; and (4) whether the technique has been generally accepted in the relevant scientific community") (citing *Daubert*, 509 U.S. at 593-94).[13]

---

[13] Although in *Daubert* the United States Supreme Court held "the *Frye* test was superseded by the adoption of the Federal Rules of Evidence," *Daubert*, 509 U.S. at 587 (footnote omitted), "the Alabama Supreme Court has declined to reject *Frye* and to extend the *Daubert* standard to the admission of all expert testimony," *Barber v. State*, 952 So. 2d 393, 410 (Ala. Crim. App. 2005).  Alabama uses *Daubert* for DNA evidence only.  *Id.*; *see also Revis v. State*, 101 So. 3d 247, 291 (Ala. Crim. App. 2011) (discussing applicable standards in Alabama).

The Court of Criminal Appeals adopted the trial court's ruling regarding Petitioner's claim.  It held his claim was too unspecific because he failed to identify evidence that should have been excluded, all the scientific evidence was admitted at trial in accordance with applicable evidentiary rules, counsel was not ineffective because he could not have kept the scientific evidence out, and Petitioner did not show he was prejudiced because "'he [did] not, even by way of speculation, say that there was some *real* defect with the scientific evidence.'"  *Doc. No. 15-22* at 11-12.  Finally, the court acknowledged that testing used in Petitioner's case yielded the sort of results that "have been admitted into evidence thousands of times," "that such tests are generally accepted in the scientific community and that they are highly reliable."  *Id.* at 12.  The court concluded, "[w]ithout doubt, nothing [counsel] might have done in attacking the said tests would have changed the result of the trial herein."  *Id.*

Petitioner makes conclusory statements that the evidence was admitted without a proper showing of the predicates in *Frye* and *Daubert*, but he does not identify what scientific evidence was admitted erroneously, the nature of the error, how the error harmed him, or how the result of the proceeding would have been different had counsel asserted the error.  Petitioner therefore fails to show the Alabama decision on this ineffective assistance claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, and Petitioner is not entitled to habeas relief on the claim.  *See Strickland*, 466 U.S. at 688, 694; 28 U.S.C. § 2254(d)(1).

### 4. Ineffective Assistance--Sufficiency of the Evidence

Petitioner argues his attorneys provided constitutionally ineffective assistance by failing to challenge the sufficiency of the evidence on the first-degree manufacturing methamphetamine counts[14] charged against him. To be convicted of manufacturing a controlled substance in the first-degree, the prosecution must show beyond a reasonable doubt that the person committed the crime of manufacturing a controlled substance along with two or more of the following conditions:

*(1) Possession of a firearm.*
(2) Use of a booby trap.
(3) Illegal possession, transportation, or disposal of hazardous or dangerous materials or while transporting or causing to be transported materials in furtherance of a clandestine laboratory operation, there was created a substantial risk to human health or safety or a danger to the environment.
*(4) A clandestine laboratory operation was to take place or did take place within 500 feet of a residence, place of business, church, or school.*
*(5) A clandestine laboratory operation actually produced any amount of a specified controlled substance.*
*(6) A clandestine laboratory operation was for the production of controlled substances listed in Schedule I or Schedule II.*
(7) A person under the age of 17 was present during the manufacturing process.

Ala. Code § 13A-12-218(a)(1) - (7) (emphasis added). Count II of the indictment charged Petitioner with manufacturing methamphetamine along with the following conditions: Possession of a firearm, and/or a clandestine lab operation actually produced methamphetamine, and/or a clandestine laboratory operation was for the production of methamphetamine. *Doc. No. 15-3* at 108; Ala. Code § 13A-12-218(a)(1), (5) & (6). Count

---

[14]It appears Petitioner may be challenging only Count II, but the court will address Count II and Count V.

V of the indictment charged Petitioner with manufacturing methamphetamine along with the following conditions: The clandestine lab was to take place or took place within 500 feet of a residence, and/or a clandestine lab operation actually produced methamphetamine, and/or a clandestine laboratory operation was for the production of methamphetamine. *Doc. No. 15-3* at 110; Ala. Code § 13A-12-218(a)(4) & (6).

On direct appeal, the Court of Criminal Appeals recounted that the location of the laboratory charged in Count II was Petitioner's residence in the Pigeon Creek area of Red Level, Alabama. *Doc. No. 15-12* at 3. Officers seized methamphetamine and numerous items associated with the manufacture of methamphetamine. *Id.* at 5. They discovered methamphetamine and the products of the manufacture of methamphetamine in a "box hidden under some pine straw at the edge of some woods behind the mobile home." *Id.* In addition, evidence was presented at trial that a shotgun was located in the bedroom of Petitioner's residence. *Doc. No. 15-2* at 8. Regarding Count V, the court stated the laboratory was at a residence on Stewart Street in Andalusia, Alabama. *Doc. No. 15-12* at 6. Officers seized methamphetamine and materials used to make methamphetamine. *Id.* at 6-7. Petitioner told an officer that an individual was at Petitioner's home to buy pseudoephedrine pills to make methamphetamine. *Id.* at 8. Petitioner said he took everything associated with the laboratory that belonged to him when he left the residence. *Id.* at 9. The Court of Criminal Appeals held "[t]he State presented evidence that established the elements alleged in each indictment and the jury found Snowden guilty of each count." *Doc. No. 15-12* at 32. On remand, the trial court made additional findings that, no matter

what else Petitioner did, he manufactured methamphetamine in conjunction with a clandestine lab that produced methamphetamine and in conjunction with a clandestine lab that was for the production of methamphetamine for Count II and Count V. *Doc. No. 15-13* at 9-10. Therefore, Petitioner satisfied the requirements under Alabama Code § 13A-12-218 for first-degree manufacture of methamphetamine.

In post-conviction proceedings, the Court of Criminal Appeals adopted the trial court's findings on the issue and ruled against Petitioner on the merits, holding that "'in view of the court's memory of the case, the clerk's record and the reporter's transcript, it is clear that every element of each offense for which the defendant has suffered a conviction was, in fact, well and amply proven at trial.'" *Doc. No. 15-22* at 7. In response to Petitioner's argument that there was no gun and that there was a breakdown as to the chain of custody regarding a gun, the court held, "'this issue is determined against defendant because it could have been, and was, presented at trial, and is precluded.'" *Id.* at 8. The court also held there were no errors in the chain of custody at trial. *Id.* at 10. As for Petitioner's claim that there was no evidence that a clandestine methamphetamine lab actually existed, the court held, "'[i]n view of the Court's memory, the clerk's record and the reporter's transcript, the Court determines, on the merits, that any laboratory involved in this case was "clandestine" within the meaning of the law.'" *Id.* at 8.

In this section 2254 action, Petitioner has not shown the Court of Criminal Appeals' decision of his claim that counsel should have challenged the sufficiency of the evidence on the manufacturing counts was either (1) contrary to, or involved an unreasonable application

of, clearly established federal law, as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented to the court. *See Strickland*, 466 U.S. at 688, 694; 28 U.S.C. § 2254(d)(1).  Petitioner is, therefore, not entitled to habeas relief on the claim.

### 5. Ineffective Assistance--Chain of Custody

Petitioner argues his attorneys provided constitutionally ineffective assistance by failing to challenge the chain of custody.  The Court of Criminal Appeals adopted the trial court's finding that Petitioner's claim regarding the chain of custody was "'subject to dismissal as being nonspecific'" because Petitioner did not identify any particular error in the chain of custody or what counsel should have done differently.  The court added that, "'in view of the Court's memory, the clerk's record and the reporter's transcript, the Court finds that proof about chain of custody at trial was sufficient.'"  *Doc No. 15-22* at 10.

To the extent Petitioner is raising a challenge to the chain of custody that is not already subsumed in his argument regarding the sufficiency of the evidence, his claim entitles him to no relief.  As the state court pointed out, his claim is conclusory and unsupported by specific facts.  He provides no basis for a ruling that counsel provided either substandard assistance regarding the chain of custody of the evidence against him or that counsel's performance prejudiced him.  *See Strickland*, 466 U.S. at 688, 694.  Petitioner, therefore, fails to show the state court decision regarding counsel's performance was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, and he is not entitled to habeas relief on the claim.  28

U.S.C. § 2254(d)(1).

### 6. Ineffective Assistance--Venue

Petitioner argues his attorneys provided constitutionally ineffective assistance by not challenging the prosecution's failure to prove venue and preserve the issue for appeal.  In post-conviction proceedings, the Court of Criminal Appeals adopted the trial court's finding that Petitioner's claim was meritless:  "'In view of the Court's memory, the clerk's record, and the reporter's transcript, the Court finds that the events involved in this particular criminal prosecution were shown, at trial, to have occurred at locations within Covington County, Alabama.  Thus counsel could not be ineffective for failing to challenge venue, because venue was effectively proven by the State.'"  *Doc. No. 15-22* at 10.

At trial, the evidence focused on criminal activity that occurred in and near Red Level, Alabama, and Andalusia, Alabama, both of which are in Covington County.  *Doc. No. 15-1* at 174; *Doc. No. 15-2* at 16.  *See also* Ala. Code § 15-2-6 ("When an offense is committed partly in one county and partly in another or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, venue is in either county.").  Petitioner provides nothing to rebut the court's factual determination that the crimes occurred within Covington County, and that determination is presumed correct.  28 U.S.C. § 2254(e)(1).  Counsel cannot be deemed ineffective in failing to raise a meritless claim, and Petitioner provides nothing to suggest that he suffered prejudiced from counsel's failure to challenge venue.  *See Strickland*, 466 U.S. at 688, 694.  Petitioner therefore fails to show the state court decision regarding counsel's performance was contrary to, or involved

32

an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, and he is not entitled to habeas relief on the claim.  28 U.S.C. § 2254(d)(1).

### III.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Jeff Alexander Snowden be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 23, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30,

1981.

Done this 9th day of April, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE